Martin, J.
delivered the opinion of the *107 court. The plaintiff claims from his tutor, the balance of his estate, in the hands of the latter, whose creditors intervened to reduce this balance. There was judgment in the plaintiff’s favor, and, imagining that less was allowed him than is really due, he appealed.
East'n District.

July, 1822.

The district court charged the tutor with simple interest, on the funds in his hands. Civ. Code, 70, art. 71, while it is urged, he was chargeable with compound.
The plaintiff’s counsel urges that monies received for the interest of the minor’s funds, produces interest, in his tutor or curator’s hands. L. 7, § 12, ff. de adm. & per. tutor. l. 58, id.
These authorities expressly establish, that when the tutor receives the interest due to the minor, he is bound to make the money, thus received, produce interest. And it is urged, that as the tutor is bound to make the interest, he thus receives, capital; so he ought to make the interest which becomes due from himself capital; and if he does not, he becomes chargeable in the same manner as if it had been done.
In order that we might reverse the judgment of the district court in this respect and de *108 cree compound interest, it should be established that interest becomes payable yearly. It is true the yearly is the usual rate, but notwithstanding this, the law never allows, but universally reproves, compound interest. It is true, that after interest has actually accrued if the parties agree that it shall bear interest, this convention is legal; but then the interest which thus becomes capital, can only be made to produce simple interest, and the new interest will not become principal without a new convention.
Interest due may also be made to produce interest, i. e. simple interest, by a judicial demand.
A prospective convention that compound interest shall be allowed, or even that the interest which is to accrue shall bear simple interest, is, it is believed, still reprobated by law.
Thus in the case of Bludworth vs. Sompeyrac, 3 Martin, 719, the plaintiff having taken a note for $4663 65, to secure a loan of $3854, for two years, (the calculation being made by compounding the interest) at 10 per cent, we reversed the judgment of the district court, which had allowed this claim, and we reduced the compound to simple interest.
*109 The tutor cannot, unless a special convention, authorises the demand, require the holders of the minor’s capital to pay the interest yearly, or distinctly and apart, from the capital. Interest so virtually constitutes a part of the capital that it is not demandable after the recovery of the principal. Faurie vs. Pitot, 2 Martin, 83.
If the holders of the minor’s funds cannot be compelled, without a special convention, to pay the interest distinctly from the capital, the same principle must regulate the obligation of the tutor.
The interest, which a judicial demand gives a rise to, is simple. The general principles of the law do not, as far as our recollection serves, tolerate the allowance of compound interest, in any case.
We conclude that no authority appears to sanction the plaintiff’s claim for compound interest.
It is urged minors have a strong title to it on principle; otherwise a tutor may, during a long minority, derive immense profits from the possession of his minor’s funds, while he imparts to him but a trifling part of them. This argument would have more force on the *110 floor of the legislature, when deliberating on the quantum of interest, which tutors must allow, and the mode of calculating it, than before a court whose province is confined to pronounce what interest the law has provided.
In this case, the law has said that the tutor is bound to pay to his ward an interest, at the rate of five per cent. per annum. Civ. Code, 70, art. 71. This interest, from the words used, we are bound to say is that which after a judicial demand, or a special agreement, or when the law in other cases allows interest of course, becomes due; which is always simple interest.
We think the district judge acted correctly in denying the demand for $2129 ; the witness by whom it was offered to be proven was interested, and no relase was tendered him.
He was not so in disallowing the claim for $4919, the proceeds of the crop made by the plaintiff’s mother during her widowhood, sold afterwards by her second husband, which became payable after her death.
The errors of calculation pointed out in the items charged and admitted below, clearly amount to $8855 68 cents, and with the in *111 terest and the reduction of 10 per cent. due the tutor for his administration, make together a sum of $13,691 67 cents.
The crop of cotton just spoken of and the interest thereon, make the sum of $7902 04 cents, which being added to the amount, allowed by the district judge, entitle the plaintiff to recover $76,746 39 cents.
The intervening creditors of the tutor urge that the district judge erred in admitting in evidence, the account settled by the original parties to this suit.
The provision of the law, that requires that the tutor’s account be rendered before the judge, is clearly introduced for the exclusive advantage of the minor. No other person can have any interest in it.
If the tutor has creditors who imagine that he colludes with the minor to remove his property from their reach, they are not prevented from shewing this, by the absence of an account rendered before the judge. Such an account, as it would be be made without their being called to contradict it, would not stand in their way ; and we cannot see of what use it would be to them. Had it been rendered, it would be open to all their objections. In this, we do not think the judge erred.
Derbigny for the plaintiff, Mazureau for the defendant.
Many arguments have been used by the creditors, to shew collusion ; but the facts are not proved in such a manner, as to induce us to reverse the judgment and fix on the parties the imputation of fraud.
It is therefore ordered, adjudged and decreed that the judge of the district court be annulled, avoided and reversed, and that there be judgment for the plaintiff, for the sum of seventy-six thousand seven hundred and forty-six dollars thirty-nine cents, with interest from the judicial demand till paid.